AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| v. | ) |
| **MICHAEL AUSTIN,** | ) Case No. 5:24-MJ-376 (MJK) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendant** | ) |

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Aug 16 - 2024**
John M. Domurad, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 15, 2024, in the county of Oneida in the Northern District of New York the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:
See attached affidavit.

☒  Continued on the attached sheet.

*Richard Gardinier 5999*
*Complainant's signature*

Richard Gardinier, Special Agent, ATF
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 8/16/2024

*Judge's signature*

City and State: Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Michael AUSTIN, the defendant, with violating Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute controlled substances).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since January 2, 2017. I have attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in, and successfully completed, both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc. Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the Uniformed Police Training Program (UPTP) at FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

3. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Titles 18, 21 and 26, United States Code.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts set forth in this affidavit, I believe there is probable cause that Michael AUSTIN violated Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute controlled substances).

## FACTS SUPPORTING PROBABLE CAUSE

6. On or about August 13, 2024, the Honorable Mitchell J. Katz, U.S. Magistrate Judge for the Northern District of New York, authorized search warrants, including one for 3291 Southside Road, Frankfort, Oneida County, New York, the residence of Michael AUSTIN (RESIDENCE). On or about August 15, 2024, your affiant and other law enforcement officers from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Drug Enforcement Administration (DEA), New York State Police (NYSP) and New Hartford Police Department (NHPD) executed the warrant.

7. Investigators identified AUSTIN as the sole resident of the RESIDENCE as follows. Law enforcement established physical surveillance of the RESIDENCE over the course of the investigation, between approximately May 2024 and August 15, 2024, and observed that AUSTIN's patterns of coming and going from the RESIDENCE were consistent with that being his RESIDENCE. Physical surveillance observed other individuals coming and going from the RESIDENCE infrequently. Furthermore, during the execution of the search warrant, AUSTIN was encountered while leaving the RESIDENCE and was detained subsequent to a federal search warrant for his person. AUSTIN acknowledged to investigators that the RESIDENCE was his and provided a passcode to unlock and enter the door.

8. Upon execution of the RESIDENCE search warrant, the following items were

located[1];

    a. Approximately 114.1 grams, including packaging, of a white powdery substance that field-tested positive for cocaine, located in the upstairs bathroom vanity. The cocaine was packaged in several small baggies, each weighing approximately one-eighth of an ounce.

    b. Several digital scales and other drug paraphernalia found in the kitchen and bedrooms.

9. Based on my training and experience, I am aware that individuals who sell cocaine often sell it to users in quantities of one-eighth of an ounce. I am also aware that a digital scale is a tool used by drug dealers to weigh controlled substances before packaging them for sale to customers.

10. At the conclusion of the search, AUSTIN was transported to the NHPD where he submitted to an interview. AUSTIN was provided with and read an ATF Advice of Rights and Waiver form, which advised him of his *Miranda* rights. AUSTIN acknowledged his rights and voluntarily waived them, signing the form and agreeing to speak with law enforcement without an attorney present. During the interview, AUSTIN admitted, in sum and substance, that he sold cocaine to several customers in the greater Utica area. AUSTIN admitted to selling cocaine from the RESIDENCE. AUSTIN admitted to possessing the cocaine located in the RESIDENCE during the search warrant. AUSTIN admitted to selling cocaine on a regular basis to pay bills. AUSTIN admitted to selling cocaine on a consistent basis recently as he has not had a job or other income in some time.

---

[1] This is not an exhaustive list of evidence located.

11. Based on the foregoing, your affiant submits that there is probable cause that Michael AUSTIN, the defendant, has violated Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute controlled substances). I therefore request the filing of the criminal complaint.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Richard Gardinier 5999*
Richard Gardinier
Special Agent
ATF

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on August __16__, 2024 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Mitchell J. Katz
U.S. Magistrate Judge